**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jeremy Cantrell, Appellant,

v.

Plex Indoor Sports, LLC, Respondent.

Appellate Case No. 2014-000263

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2015-UP-274
Submitted May 1, 2015 – Filed June 3, 2015

**AFFIRMED**

Jessica Hanna Lerer, of Strom Law Firm, LLC, of Columbia, and Mario Anthony Pacella, of Strom Law Firm, LLC, of Brunswick, Georgia, for Appellant.

Lee E. Dixon, of Hedrick Gardner Kincheloe & Garofalo, LLP, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same

standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Hurst v. E. Coast Hockey League, Inc.*, 371 S.C. 33, 37, 637 S.E.2d 560, 562 (2006) ("To prove negligence, a plaintiff must prove the following elements: (1) a *duty* owed to the plaintiff by the defendant, (2) a breach of that duty by the defendant, and (3) damages proximately resulting from the breach of duty." (emphasis added)); *Cole v. Boy Scouts of Am.*, 397 S.C. 247, 251, 725 S.E.2d 476, 478 (2011) ("Primary implied assumption of risk arises when the plaintiff impliedly assumes those risks that are *inherent* in a particular activity." (internal quotation marks omitted)); *id.* ("The doctrine of primary implied assumption of risk goes to the initial determination of whether the defendant's legal duty encompasses the risk encountered by the plaintiff." (internal quotation marks omitted)); *id.* at 253, 725 S.E.2d at 479 ("Where a person chooses to participate in a contact sport, whatever the level of play, he assumes the risks inherent in that sport."); *Dalon v. Golden Lanes, Inc.*, 320 S.C. 534, 542, 466 S.E.2d 368, 373 (Ct. App. 1996) (explaining when a minor is over the age of fourteen, his conduct is judged by an adult standard of care); *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 136, 638 S.E.2d 650, 656 (2006) ("Under South Carolina common law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger."); *Hurst*, 371 S.C. at 37, 637 S.E.2d at 562 ("If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.